IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAZ PINKSTON**                                                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:22-cv-152-KHJ-MTP**

**MTC, ET AL.**                                                                                                     **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [11]. Having considered the parties submission, the record, and the applicable law, the undersigned recommends that the Motion [11] be granted and that this action be dismissed without prejudice.

### BACKGROUND

On April 30, 2021, Plaintiff, a post-conviction inmate proceeding *pro se* and *in forma pauperis*, filed his Complaint pursuant to 42 U.S.C. § 1983 in Civil Action No. 3:21-cv-301-KHJ-MTP. On March 11, 2022, the Court conducted an omnibus hearing, and on March 22, 2022, the Court entered an Omnibus Order [1]. The Court severed Plaintiff's claims into two separate civil actions, and this action—Civil Action No. 3:22-cv-152-KHJ-MTP—was opened. The claims in this action concern the conditions of his confinement at East Mississippi Correctional Facility ("EMCF"). Specifically, Plaintiff complains about the cleanliness of his cell, the quality of the water in his cell, the temperatures in the prison, the ventilation, spider and mice infestations, and the amount of food served. Plaintiff names as Defendants MTC, Hector Portillo, Becky Turcotte, Christopher Dykes, Ray Rice, Robyn Williams, Shericka Nelson, and Vernell Thomas

On April 26, 2022, Defendants MTC, Portillo, Turcotte, Dykes, Rice, Williams, and Nelson (seven of the eight named Defendants) filed a Motion for Summary Judgment [11],

1

arguing that Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. On May 4, 2022, the remaining Defendant, Thomas, filed a Joinder [14] in the Motion for Summary Judgment [11]. On June 8, 2022, Plaintiff filed his Responses [27] [28].

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated

assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on

notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[1] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In support of their Motion for Summary Judgment [11], Defendants submitted an affidavit from Charlayne Hall, the ARP Coordinator at EMCF, along with Plaintiff's grievances relating to the conditions at EMCF and the official responses. *See* [11-1]. The record demonstrates that on January 21, 2021, Plaintiff submitted a grievance alleging that officials at Wilkinson County Correctional Facility transferred him to EMCF, "with its atrociously inhumane—ungodly filthy/vile conditions," in retaliation for his prior grievances, letters, and lawsuits. *Id*. at 6-7. As relief, Plaintiff demanded "$10,000.00 worth of canteen." *Id*. On

---

[1] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited September 28, 2022).

4

February 22, 2021, MDOC's statewide ARP Director, Richard Pennington, sent Plaintiff a notice that his grievance had been rejected because his request was "beyond the power of ARP to grant." *Id*. at 5.  According to Hall, the ARP cannot grant an inmate monetary compensation. *Id*. at 2.  Pursuant to MDOC policy, Plaintiff had five days to resubmit his corrected grievance. *See* [11-2] at 4; [11-3] at 2.  Plaintiff did not resubmit a corrected grievance.

On March 26, 2021, Plaintiff submitted another grievance complaining about numerous issues, including HIPPA compliance, medical care, COVID-19 precautions, commissary items, water, food, pests, ventilation, supplies, clothes, haircuts, and recreational programs. *See* [11-1] at 10-13.  Plaintiff mentioned only one Defendant—MTC—and asserted that MTC, along with nonparties MDOC, Trinity, Vital Health Core Strategies, UMMC, ACA, and John and Jane Does, were responsible for the "atrocious conditions of confinement." *Id*. at 11.  As relief, Plaintiff demanded $1,000,000.00. *Id*. at 13.  On April 9, 2021, Director Pennington sent Plaintiff a notice that his grievance had been rejected because his request was "beyond the power of ARP to grant." *Id*. at 9.  Plaintiff had five days to resubmit his corrected grievance, but according to Hall, "there is no record of him doing so." *Id*. at 3.

Defendants argue that Plaintiff's claims should be dismissed because he failed to complete the ARP process and, thus, failed to exhaust his administrative remedies.  An inmate may not simply initiate the grievance process, but must complete the process. *Wright*, 260 F.3d at 358.  "[A] prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88.  Additionally, an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise defective grievance or appeal. *Id*.  "Exhaustion is no longer left to the discretion of the district court, but it is mandatory." *Id*. at 85.

In his Responses [27] [28], Plaintiff raises multiple arguments opposing summary judgment. Plaintiff argues that Defendants have admitted that he exhausted his administrative remedies by failing to respond to his requests for admissions. The record, however, belies Plaintiff's argument. The Court previously directed Defendant to produce certain discovery and ordered that additionally discovery not be propounded without leave of Court. *See* Omnibus Order [1]. Despite the Court's Order, on May 5, 2022, Plaintiff served interrogatories, requests for production, and requests for admissions on Defendants without leave of Court. Thereafter, Defendants filed Motions for Protective Order [21] [24], requesting that the Court relieve them of any obligation to respond to the discovery requests. The Court granted the Motions for Protective Order [21] [24]. *See* Order [35].

Plaintiff acknowledges the Court's ruling, but asserts that "the Court denied specifically and only [Plaintiff's] interrogatories and requests for production of documents but never once did the Court specify that [Plaintiff's] admissions were denied." *See* [28] at 1. A review of the Court's Order [35] reveals that Plaintiff is wrong. In the Order [35], the Court specifically mentioned Plaintiff's "18 requests for admission" and granted Defendants' Motions for Protective Order [21] [24] as to all of Plaintiff's discovery requests.[2] Thus, Defendants have not

---

[2] The Court found as follows:

> Plaintiff did not seek leave of Court to propound additional discovery, and a review of the discovery requests reveals that many are onerous, compound, cumulative, and unreasonable. Moreover, most of the discovery requests seek information that is irrelevant to the claims and defenses in this action. Plaintiff has failed to show why the discovery previously ordered in this action is inadequate to develop the issues.

*See* Order [35].

6

admitted that Plaintiff exhausted his administrative remedies by failing to respond to his requests for admissions.

Next, Plaintiff attacks the reason his grievances were rejected and the notice he was provided. As previously mentioned, Plaintiff's grievances were rejected because the requested relief was "beyond the power of ARP to grant." *See* [11-1] at 5, 9.³ Plaintiff argues that he was not provided a MDOC Handbook, which provides that a grievance may be rejected if the "relief sought is beyond the power of MDOC to grant." Plaintiff asserts that he relied on MDOC policy—specifically Policy No. 20-08-01—and, thus, was unaware that his grievance could be rejected for requesting relief beyond the power of ARP to grant. *See* [28] at 4; [28-3]. However, Policy No. 20-08-01, which Plaintiff submitted and admits he relied upon, specifically states: "If a request is rejected, it must be for one of the following reasons, which will be noted on Form ARP-1: The relief is beyond the power of MDOC to grant . . . ." *See* [28-3] at 4. "[C]ourts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). The record demonstrates that Plaintiff had such an opportunity.

Plaintiff then argues that monetary relief was not beyond the power of the ARP to grant. Plaintiff asserts that he "received monetary compensation later on in the year of 2021 plus just prior to that in 2020 for monetary and commissary compensation all through the ARP process

---

³ Defendants point out that, in addition to requesting relief beyond the power of the ARP to grant, Plaintiff's second grievance contained multiple complaints in violation of MDOC policy. Indeed, MDOC policy states that a grievance may be rejected because an inmate "has requested a remedy for more than one incident (a multiple complaint)." *See* [28-3] at 4. Plaintiff's grievance contained numerous complaints concerning issues such as HIPPA compliance, medical care, COVID-19 precautions, commissary items, water, food, pests, ventilation, supplies, clothes, haircuts, and recreational programs. *See* [11-1] at 10-13.

7

solely." *See* [28-4] at 12.  As previously mentioned, Hall states in her affidavit that "the ARP cannot grant an inmate monetary compensation." *See* [11-1] at 2.  Additionally, the record reflects that each time Plaintiff requested monetary compensation in his grievance, the ARP Director sent him notice that his request was "beyond the power of ARP to grant." *Id*. at 5, 9.  Plaintiff does not provide documentation or provide specific details concerning his alleged receipt of monetary compensation through the ARP.  He does not provide specific dates, describe his grievances or the official findings, or name the responding officials.  Moreover, Plaintiff's "unsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The record establishes that Plaintiff's request for monetary compensation was "beyond the power of ARP to grant."

      Plaintiff also argues that he exhausted his administrative remedies by submitting a corrected grievance.  He asserts that he "did resubmit another grievance about his atrocious conditions of confinement plus actually named all of these Defendants and Vernell Thomas . . . ." *See* [28-4] at 13.  According to Plaintiff, he "requested as his relief to just fix all the conditions," but "Defendants and Vernell Thomas made that second grievance disappear . . . ." *Id*.  Plaintiff did not submit a copy of this alleged grievance or state when he submitted the grievance or what specific complaints he addressed in the grievance.

      In support of his assertion, Plaintiff submitted three letters which he allegedly sent to officials at the prison. *Id*. at 2-4.  These letters reference a second grievance concerning his living conditions.  According to the letters, however, the second grievance concerned "MTC, MDOC, Vital Core Health Strategies, and Trinity Food Service," not all of the "Defendants and Vernell Thomas," as Plaintiff suggests.  Even if these letters are taken as true, they do not show that Plaintiff, in the purported grievance, identified the Defendants or complained about the issues

forming the basis of this case. Moreover, these letters are unverified and do not constitute competent summary judgment evidence. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991); *Henthron v. Lashomb*, 5 F.3d 1495, 1993 WL 391432, at *1 (5th Cir. Sept. 22, 1993).

Plaintiff's bare, unsubstantiated allegations concerning another grievance simply is not enough to withstand a properly supported motion for summary judgment. *Ryan v. Phillips*, 558 Fed. Appx. 477, 478 (5th Cir. 2014) (inmate's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievance"); *Baxley v. Cantu*, 2020 WL 1263568, at *3 (E.D. Tex. Feb. 5, 2020).

The record demonstrates that Plaintiff failed to exhaust his available administrative remedies under the ARP established by MDOC. Defendants point to the Fifth Circuit's decision in *Lewis v. Doe, I*, 840 Fed. Appx. 784 (5th Cir. 2021), an unpublished case addressing administrative exhaustion. The facts and legal issues presented in *Lewis* are similar to those presented in this case. In *Lewis*, an inmate submitted an administrative grievance requesting monetary damages and that criminal charges be filed against a prison official. *Lewis*, 840 Fed. Appx. at 785. The grievance was rejected on the grounds that the ARP did not have the authority to grant the requested relief. *Id*. When the inmate filed suit in federal court without completing the second step of the ARP process, the district court dismissed his complaint for failure to exhaust administrative remedies. *Id*. The Fifth Circuit upheld the district court's dismissal, stating that even where an inmate seeks relief which is unavailable through the ARP, "the PLRA nonetheless requires the inmate to exhaust 'available remedies, whatever they may be'" *Id*. (quoting *Wright*, 260 F.3d at 358). The Fifth Circuit stated further that "Lewis's failure to

exhaust is not excused by the fact that he chose to seek only relief that the ARP could not provide . . . ." *Id*.

Plaintiff argues that this Court should not rely on *Lewis* because it is an unpublished opinion. The Court recognizes that *Lewis* is an unpublished opinion and, thus, not binding precedent. The Court, however, finds that the Fifth Circuit's reasoning in *Lewis* is persuasive and supported by other binding authority and concludes that Plaintiff failed to exhaust his administrative remedies. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 765 n.2 (5th Cir. 2020) ("Although unpublished decisions are not precedent, these decisions may be considered persuasive authority."); *Woodford*, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (a prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process).

Because the grievance process was available to Plaintiff and he failed to complete the process, his claims must be dismissed.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [11] be GRANTED.

2. Plaintiff's claims be DISMISSED without prejudice.

3. All other pending motions be denied as moot.

4. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations,

with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      This the 31st day of October, 2022.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge