UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAZ PINKSTON, #148934                                                                   PLAINTIFF

V.                              CIVIL ACTION NO. 3:22-CV-152-KHJ-MTP

MTC, et al.                                                               DEFENDANTS

ORDER

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. [43]. For the following reasons, the Court adopts the Report as its findings.

I.      Background

Plaintiff Chaz Pinkston, an inmate at East Mississippi Correctional Facility ("EMCF"), filed a Complaint against MTC[1], Hector Portillo, Becky Turcotte, Christopher Dykes, Ray Rice, Robyn Williams, Shericka Nelson, and Vernell Thomas. [2]. He brings claims against them, pursuant to 42 U.S.C. § 1983, for the conditions of his confinement at EMCF. *Id.*

All Defendants except Thomas filed a [11] Motion for Summary Judgment on April 26, 2022, contending Pinkston failed to fully exhaust his administrative remedies. Thomas later joined in that motion. [14]. Pinkston responded on June 8, 2022. [27], [28]. Judge Parker recommended the Court grant Defendants' Motion for

---

[1] MTC is named as Management & Training Corporation in Pinkston's Complaint, [2], but has been referred to as "MTC" throughout the docket and in the Report and Recommendation.

Summary Judgment, dismiss all claims without prejudice, and deny all other pending motions as moot. [43] at 10. Pinkston filed ten objections to the Report and Recommendation. [50].

II. Standard

The Court reviews de novo the portions of the Report and Recommendation to which Pinkston objects, 28 U.S.C. § 636(b)(1), and the remaining portions under a "clearly erroneous, abuse of discretion[,] and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406–07 (5th Cir. Unit B 1982)).

III. Analysis

A. Objection 1

Pinkston first argues the Court has impermissibly "not allowed" his discovery requests since the omnibus hearing. [50] at 1. That includes discovery requests he made at the hearing and post-hearing requests "down to the present date." *Id.*

To the extent that Pinkston refers to post-hearing discovery requests, the Court specifically ordered the parties not to propound other discovery requests without leave of court. Omnibus Order [1] at 4-5. Pinkston violated that order when he served additional interrogatories, requests for production, and requests for admissions. [15], [16], [17]. Accordingly, the Court granted Defendants' motions for a protective order as to those discovery requests. Order [35]. As to requests

Pinkston made at the omnibus hearing, the Court ordered production of his requested discovery, and the Defendants complied with that request. [20]. The Court agrees with the Report that it has not failed to address Pinkston's discovery requests. *See* [43] at 6.

    B. Objection 2

Pinkston next argues the Report impermissibly weighed credibility and evidence in determining that the Court should grant summary judgment. [50] at 2. He is correct that the Court may not decide credibility or weigh evidence in determining whether to grant summary judgment. *Deville v. Mercantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citation omitted). He also relies on *Scott v. Coughlin*, where the Second Circuit held that the district court improperly made a credibility determination as to a plaintiff-appellant's affidavit and weighed contradictory proof in the form of the plaintiff-appellant's medical records. 344 F.3d 282, 289-90 (2d Cir. 2003).

Pinkston's argument fails for two reasons. First, the district court in *Scott* granted summary judgment on the merits of the applicable claim. *See id.* (noting plaintiff did not present sufficient medical evidence to substantiate his claim). But here, the Report recommends the Court grant Defendants' Motion for Summary Judgment based on his failure to exhaust administrative remedies rather than the merits of his claim. [43] at 10 (concluding "[b]ecause the grievance process was available to [Pinkston] and he failed to complete the process, his claims must be dismissed). The Second Circuit in *Scott* would agree with the Report. *Scott*, 344

3

F.3d at 290-91 (recognizing then-new compulsory exhaustion requirement contained in PLRA but holding requirement did not apply retroactively to action pending when PLRA became law).

Second, the Magistrate Judge did not make a credibility determination or weigh evidence to reach that result. The evidence that Pinkston failed to exhaust his administrative remedies included the Affidavit of Charlayne Hall, the Administrative Remedy Program ("ARP") coordinator at EMCF; Pinkston's grievances related to his claims; and the official responses to those grievances. *See* [11-1] at 1, 5, 9. The ARP rejected both grievances as being "[b]eyond the power of ARP to grant." *Id.* at 5, 9. MDOC policy allowed him five days to resubmit his corrected grievance, [11-2] at 4, but he did not do so, [11-1] at 3. Hall even stated the ARP would have accepted his grievances had he corrected them. [11-1] at 2-3. That is sufficient evidence to prove Pinkston did not exhaust his administrative remedies. Pinkston then had to provide rebuttal evidence to prove a genuine dispute existed as to whether he failed to exhaust his administrative remedies. Pinkston made several arguments to that evidence, but no evidence he offered sufficiently created the genuine dispute he needed to survive summary judgment. The Court addresses those arguments in turn.

   1. First Argument

First, Pinkston argued Defendants admitted he exhausted his administrative remedies by not responding to his requests for admission. But that argument rests on Pinkston's earlier argument related to his discovery requests. Because those

requests violated the Court's omnibus order, the Court granted a protective order as to the requests, and Defendants did not have to respond to them. Accordingly, the Report found that Defendants did not effectively admit that Pinkston exhausted his administrative remedies. *See* [43] at 6-7. The Magistrate Judge did not need to make credibility determinations or weigh evidence to reach that conclusion.

      2.  Second Argument

Second, Pinkston argued he had no notice that the ARP could reject his grievances based on the relief being beyond the power of the ARP to grant. [43] at 7. In other words, he relied on the MDOC policy only stating that the ARP could reject his grievance if the relief was beyond the power of the *MDOC* to grant.

That argument fails for several reasons. First, the only evidence Pinkston submitted as to that argument was the MDOC policy specifically stating "relief is beyond the power of MDOC to grant" as a reason for rejecting a grievance, and the ARP is an MDOC program. *See* [28-3] at 2-4. Second, Pinkston asserted that he relied on the policy because he did not have an MDOC Handbook — a publicly available resource. Accordingly, he had an opportunity to "apprise himself of the procedures." *See Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). Third, assuming those arguments have merit, the ARP ultimately allowed him to correct and re-submit his grievances, which he did not do. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (holding plaintiff must follow the administrative process through to its conclusion). The Magistrate Judge did not have to make

credibility determinations or weigh evidence to make that decision either because both parties' evidence supported it.

       3. Third Argument

Third, Pinkston argued the power to grant monetary relief was *not* beyond the power of the ARP because he had once received monetary compensation through the ARP. But his failure to supply evidence of that receipt in his response to Defendants' summary-judgment motion renders his third argument an "unsubstantiated assertion," which is not competent summary-judgment evidence. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Pinkston attached grievance details to his objections and cites to them as evidence that he has received monetary compensation through the ARP process previously. [50-3]. But the Court need not consider new evidence submitted for the first time in objections to a report and recommendation absent compelling reasons. *SCVNGR, Inc. v. DailyGobble, Inc.*, No. 6:15-CV-493, 2019 WL 6589925, at *1 (S.D. Miss. Dec. 12, 2018) (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998)). Pinkston offers no "compelling reasons" for the Court to consider the grievance details at this point.

Even if it accepted the materials, the Court finds no support in them. Pinkston does not point to the specific parts of the grievance details that support his assertion that he once received compensation through the ARP process. The Court has no obligation to search for that support. *See Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006)). And the details contain two monetary amounts he

6

appears to refer to: $15.00 and $21.05. *See* [50-3] at 3-4. The first "award" stemmed from a claim Pinkston made for $45.00 of stolen commissary. *Id.* at 2. The ARP expressly noted he would "only be granted the $15.00 worth of commissary in which [he] stated was missing." *Id.* at 3. In other words, the ARP only granted him commissary value for lost items he could account for and rejected any other compensation. The second amount, $21.05, does not even appear to be an award. The ARP explained that amount was Pinkston's legal-postage expenses rather than any relief it was granting him. *See* [50-3] at 5.

In sum, Hall's Affidavit states that "the ARP cannot grant an inmate monetary compensation," and the ARP sent Pinkston notice that it denied both grievances on that basis. [11-1] at 2, 5, 9. Pinkston did not rebut that evidence in his response to Defendants' summary-judgment motion. The Magistrate Judge did not have to determine credibility or weigh evidence to make that conclusion because only Defendants presented evidence on this point. And to the extent that he relies on the evidence he attached to his objections, his arguments fail as well.

    4. Fourth Argument

Pinkston's fourth argument relates only to his second grievance. He argued he submitted a corrected version of the second grievance, asking to "fix all the [allegedly atrocious] conditions," rather than requesting monetary compensation. But he alleges Defendants "made that second grievance disappear." [28-4] at 13. Pinkston did not produce a copy of the alleged grievance or other evidence of its details, and his only evidence to support that argument is three letters he sent to

Defendants. *See id.* at 2-4. The Magistrate Judge found those letters did not meet Pinkston's summary-judgment burden for two reasons: (1) the grievance did not address all Defendants, only MTC; and (2) the unauthenticated, handwritten letters are not competent summary-judgment evidence. [43] at 8-9.

First, the Magistrate Judge correctly found that the grievances did not address all Defendants. Pinkston addressed various Defendants in different letters, but the first letter shows the grievance addressed only MTC along with other non-parties. *See* [28-4] at 2 (listing "MTC, MDOC, Vital Core Health Strategies, and Trinity Food Service administrators"). But that may not always indicate exhaustion. *See Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) (noting grievance not meant to provide personal notice of potential lawsuit but must provide administrators with fair opportunity to address problem forming basis of suit).

Second, the Magistrate Judge found the letters to be unauthenticated and therefore incompetent summary-judgment evidence. *See* [43] at 9 (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991); *Henthron v. Lashomb*, 5 F.3d 1495, 1993 WL 391432, at *1 (5th Cir. Sept. 22, 1993)). True, before amendments to Rule 56, the Fifth Circuit regularly held that "unauthenticated documents are improper as summary judgment evidence." *King*, 31 F.3d at 346. But the amendments indicate that unauthenticated documents are not always improper at summary judgment. *See El-Bawab v. Jackson St. Univ.*, No. 3:11-CV-553, 2013 WL 3884128, at *10 (S.D. Miss.

8

July 26, 2013) (discussing Fifth Circuit precedent but explaining new test under Rule 56(c)). Under the amendments, a party may object to material that would not be admissible in evidence. *See id.* (rejecting defendant's argument that unauthenticated email was incompetent summary-judgment evidence because it did not argue evidence was inadmissible); *Silver Dream, L.L.C. v. 3MC, Inc.*, 519 F. App'x 844, 848 n.5 (5th Cir. 2013). Because Defendants did not object to the letters' admissibility, whether Pinkston may use them as summary-judgment evidence is unclear.

The Court need not resolve those issues, however. Even assuming Pinkston may use the letters as competent summary-judgment evidence, and that they prove notice of his corrected second grievance, the letters do not prove a genuine dispute over whether he fully exhausted his administrative remedies. "It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. E. Miss. Corr. Facility*, No. 4:10-CV-111, 2013 WL 4833901, at *2 (S.D. Miss. Sept. 11, 2013) (citing *Wright*, 260 F.3d at 358 (5th Cir. 2001)). Assuming Pinkston corrected his second grievance, he had to receive a resolution on that grievance before he fully exhausted his administrative remedies. That conclusion does not require determining credibility or weighing evidence. Accordingly, the Court agrees with the Magistrate Judge's finding that the letters do not satisfy Pinkston's summary-judgment burden.

C. Objection 3

Pinkston's next objection argues that "declarations or affidavits by prisoners have the same status as those by anyone else, and it is improper to discount or disregard them on summary judgment." [50] at 3. He asserts the Magistrate Judge improperly agreed with Defendants' "unsworn" defenses and disregarded Pinkston's Affidavit. *Id.* at 4.

Pinkston's Affidavit attached to his Response largely focuses on the discovery issues already addressed in this Order. *See* [45-1]. The Court will not revisit them. And to the extent that he argues that his Affidavit prevails against any "unsworn" defenses by Defendants, the Court has already addressed his arguments related to Defendants' evidence and his failure to rebut that evidence. It will not revisit those issues either. Neither of those conclusions required the Report to disregard the Affidavit attached to Pinkston's response or rested on unsworn defenses.

Finally, to the extent that Pinkston relies on another Affidavit submitted in this case, he does not specifically state which Affidavit he relies on, point to which statements he relies on in it, or explain how the statements should change the Court's conclusions on the discovery issues or his allegation that Defendants destroyed his corrected second grievance. *See Bernegger v. FBI Field Off. of Jackson, Miss.*, No. 3:12-CV-63, 2013 WL 959838, at *3 (S.D. Miss. Feb. 21, 2013) (noting courts have no obligation to sift through record in search of summary-judgment evidence even in pro se context) (citing *Adams*, 465 F.3d at 164). Accordingly, Pinkston's third objection lacks merit.

D. Objection 4

Pinkston's fourth objection argues the Report improperly relies on "insufficient evidence, falsified[] and improper facts that were improperly (though purposefully) put before it." [50] at 5 (quotation omitted). He argues Defendants' Affidavit of Charlayne Hall is hearsay. But an affidavit is generally admissible at summary judgment if it is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Pinkston does not explain how the Affidavit does not meet those requirements or identify specific statements he believes are hearsay. *See Transamerica Life Ins. Co. v. Quarm*, No. 16-CV-295, 2017 WL 5476471, at *5 (W.D. Tex. Nov. 13, 2017) (noting hearsay objection must identify specific statements and rejecting nonmovant's objection to entire affidavit) (citations omitted). Pinkston's fourth objection lacks merit.

E. Objection 5

Pinkston next argues the Report impermissibly drew all reasonable inferences and viewed facts in favor of Defendants, the moving party. But the Report did not rely on inferences to conclude Pinkston failed to create a genuine dispute over whether he fully exhausted his administrative remedies. The Court has already determined that conclusion was correct based on the evidence before it. Accordingly, Pinkston's fifth objection lacks merit as well.

F.  Objection 6

Pinkston next argues the Court impermissibly placed the burden of proving the affirmative defense of failure to exhaust on him. Pinkston is correct that exhaustion is an affirmative defense and Defendants had the burden of proving it. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). But once Defendants met their summary-judgment burden with evidence that Pinkston failed to exhaust his administrative remedies, the summary-judgment burden shifted to Pinkston to prove a genuine dispute over that fact existed for trial. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). The Report found that his evidence did not meet that burden, and the Court has already explained why that finding was correct. Pinkston's sixth objection lacks merit.

G.  Objection 7

Pinkston next argues the Report incorrectly states the ARP denied his grievances due to "relief beyond the power of MDOC to grant" rather than "relief beyond the power of ARP to grant." But the Report addressed that discrepancy when Pinkston tried to argue he had no notice that "relief beyond the power of ARP to grant" could be grounds for denying his grievance. *See* [43] at 7. Likewise, the Court has addressed the similar issues he raised in his objections as well. The Court will not revisit those issues.

In the same objection, Pinkston also argues the Report erred in these ways: (1) disregarding "the factual 'unanswered' reality" that Pinkston could not proceed any further after ARP denied his grievances; (2) relying on Defendants' "unsworn

12

and falsified defenses and hearsay Affidavit[]" and ignoring the fact that the MDOC Grievance Procedure Policy is broad and does not specify what kind of relief can or will be granted; (3) denying his discovery requests related to his grievance reports; and (4) essentially the restated allegation that he exhausted his administrative remedies when the ARP denied his grievances.

To the first and fourth arguments, the ARP allowed Pinkston five days to correct his grievance both times, and he did not do so. He does not present evidence to the contrary. To the second argument, the Court has already addressed Pinkston's arguments related to Defendants' evidence (determining credibility, weighing evidence, and hearsay) and how Pinkston failed to meet his burden in rebutting that evidence, and it will not revisit that issue. Finally, his third argument raises the same discovery issues the Court has also already addressed.

To the extent that Pinkston complains that the MDOC policy is "too broad" and does not specify what relief the MDOC or ARP may grant, [50] at 8, it is an "unsubstantiated assertion" that likewise does not meet his burden of proving a genuine dispute exists as to whether he fully exhausted his administrative remedies. *See Ragas*, 136 F.3d at 458. Again, the ARP gave him opportunities to respond to the grievances, and he did not do so.

Finally, Pinkston distinguishes between the MDOC, the ARP, and Defendants. *See* [50] ¶¶ 8-9. He describes MDOC as "the hierarchy of the prison system administration," the ARP as a formal mediation process and the "mediator between prisoners and staff formally," and Defendants as administrators of the

13

ARP who themselves "have the power to grant or deny any/all relief they choose." *Id.* But he does not explain how those assertions would meet his summary-judgment burden. Even if they did, and assuming he is correct, his assertions that Defendants have power to grant any relief they want implies that they can violate the MDOC's policy related to the ARP. But again, assuming he is correct, inherent in their roles as administrators of the ARP is to carry out MDOC's policy related to the ARP. Those arguments lack merit.

H. Objection 8

Pinkston's eighth objection argues the Report wrongfully took judicial notice of the MDOC Inmate Handbook. He argues the Report, in doing so, "[took a side in a 'reasonable dispute' and den[ied] Plaintiff his right to be heard." [50] at 10. Nowhere in the Report, though, did the Magistrate Judge take judicial notice of any fact. His conclusion, again, relied on both parties' *evidence*. And even if it did, the Court generally may take judicial notice of an inmate handbook. *See Chandler v. Wexford Health*, No. 4:15-CV-102, 2018 WL 4689463, at *4 n.9 (N.D. Miss. Sept. 28, 2018) (citations omitted), *aff'd,* 793 F. App'x 345 (5th Cir. 2020) (per curiam). Pinkston's judicial-notice objection lacks merit.

I. Objection 9

Pinkston's ninth objection argues Defendants made up their excuse for rejecting his grievance, again referring to his argument that MDOC's policy is too broad. To the extent that he restates that earlier argument, the Court will not revisit it. And to the extent that he asserts a new argument that Defendants' "made

14

up" their reason for denying his grievances, the Court rejects that argument as an "unsubstantiated assertion." *See Ragas*, 136 F.3d at 458.

J. Objection 10

Pinkston's final objection argues he proved that he has received monetary relief through the ARP system. [50] at 11. The Court has already addressed his failure to provide evidence to that point in his response to Defendants' summary-judgment motion and the issues related to the materials he attached to his objections. It will not revisit that issue. And those allegations relate to the substantive reasons for his grievance denials rather than prove a genuine dispute over whether he failed to exhaust his administrative remedies. The Court finds no merit to Pinkston's final objection and ultimately agrees with the Report.

To sum up, the Court has reviewed the Report, Pinkston's objections, and the relevant authority, and agrees with the Report and Recommendations findings to which Pinkston objects. It also finds the remaining portions of the Report to which Pinkston does not object are not clearly erroneous or contrary to law. The Court therefore adopts the Magistrate Judge's recommendation that the Court grant Defendants' summary-judgment motion and dismiss the action without prejudice.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court adopts the [43] Report and Recommendation of United States Magistrate Judge Michael T. Parker as its findings and conclusions, grants Defendants' [11] Motion for Summary Judgment

and DISMISSES the case without prejudice. The Court will issue a separate Final Judgment consistent with this Order. Accordingly, the Court finds the remaining pending motions in this case as moot.

SO ORDERED, this the 9th day of February, 2023.

s/ <u>*Kristi H. Johnson*</u><br>
UNITED STATES DISTRICT JUDGE